UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1:25-cv-21726-GAYLES

**JAMES ARTHUR LEE**,

    Plaintiff,

v.

**FLORIDA DEPARTMENT OF CORRECTIONS**, *et al.*,

    Defendants.
_____/

## ORDER DISMISSING COMPLAINT PURSUANT TO 28 U.S.C. § 1915(g)

**THIS CAUSE** is before the Court on Plaintiff James Arthur Lee's *pro se* Complaint. [ECF No. 1]. Plaintiff, a state prisoner, brings various claims against numerous officials with the Florida Department of Corrections. Plaintiff has not paid the filing fee nor filed a motion for leave to proceed *in forma pauperis* ("IFP"). As explained below, Plaintiff may not initiate a civil action in federal court without prepaying the entire filing fee because he has three "strikes" under 28 U.S.C. § 1915(g). Therefore, his Complaint is **DISMISSED WITHOUT PREJUDICE**.

"To commence a civil lawsuit in federal district court, the general rule is that initiating parties must prepay a filing fee." *Rivera v. Allin*, 144 F.3d 719, 722 (11th Cir. 1998) (citing 28 U.S.C. § 1914(a)), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). A person who is "unable to pay such fees or give security therefor" can avoid prepaying the filing fee by filing a motion for leave to proceed IFP. 28 U.S.C. § 1915(a). However, the statute contains a major exception to this rule:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was

>dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

§ 1915(g). The purpose of this provision, also known as the "three-strikes rule," is "to curtail abusive prisoner litigation." *Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002). After a prisoner has filed three or more meritless actions, a district court is authorized to dismiss the complaint without prejudice under the three-strikes provision if the prisoner fails to pay the filing fee "at the time he *initiates* suit." *Id*. (emphasis in original).

Plaintiff filed this action without prepaying the filing fee. Therefore, his Complaint is subject to dismissal without prejudice under the three-strikes rule. A review of the Public Access to Court Electronic Records ("PACER") database reveals that Plaintiff is a prolific filer who has filed dozens of complaints while incarcerated, including cases that were dismissed under the three-strikes rule. *See*, *e.g.*, *Lee v. Inch*, No. 5:21-cv-385-TPB-PRL, ECF No. 3, (M.D. Fla. Aug. 3, 2021) (dismissing Plaintiff's complaint under the three-strikes rule and taking judicial notice of his prior cases which count as strikes); *Lee v. Inch*, No. 4:20-cv-549-WS-MJF, ECF No. 5, (N.D. Fla. Jan. 5, 2021) (dismissing Plaintiff's complaint under the three-strikes rule).[1]

Moreover, Plaintiff's Complaint does not meet the "imminent danger of serious physical injury" exception to the three-strikes rule. § 1915(g). To qualify under the imminent danger exception, the Eleventh Circuit requires a pleading of "specific allegations of present imminent danger that may result in serious physical harm." *Brown v. Johnson*, 387 F.3d 1344, 1349 (11th Cir. 2004). "[A] prisoner's allegation that he faced imminent danger sometime in the past is an insufficient basis to allow him to proceed [IFP] pursuant to the imminent danger exception to the

---

[1] Federal Rule of Evidence 201 authorizes this Court to take judicial notice of other courts' orders "for the limited purpose of recognizing the 'judicial act' that the order represents. . . ." *United States v. Jones*, 29 F.3d 1549, 1553 (11th Cir. 1994) (citation omitted). This Court has confirmed that these cases were all filed by the same James Arthur Lee who filed this case. In each case, Plaintiff used his Florida Department of Corrections number: 052550.

statute." *Medberry v. Butler*, 185 F.3d 1189, 1193 (11th Cir. 1999). "To avail himself of the imminent danger exception, a three-strike prisoner must show that he was in imminent danger of serious physical injury or was in jeopardy of an ongoing danger at the time he filed his complaint." *Smith v. Dewberry*, 741 F. App'x 683, 686 (11th Cir. 2018) (citing *Medberry*, 185 F.3d at 1193).

Plaintiff uses the words "imminent danger" and cites *Medberry* in his Complaint, but he has not provided "specific allegations of present imminent danger that may result in serious physical harm." *Brown*, 387 F.3d at 1349. The Complaint asserts various, unrelated claims that either concern past events or lack the requisite specificity to show imminent danger. First, Plaintiff claims that "South Bay rank's [sic] No. 1 in murders . . . over 40 inmate[s] have been murdered or stab[b]ed by gang member's [sic]." [ECF No. 1 at 2]. But Plaintiff does not allege any specific facts showing that he faces a current, imminent threat from gang members. *See Smith v. Hill*, No. 1:16-CV-31-MP-GRJ, 2016 WL 1084884, at *2 (N.D. Fla. Feb. 12, 2016) (prisoner's allegation "that a potential future cellmate 'may be affiliated' with a gang that wants to harm him" was "wholly speculative and [fell] far short of showing that Plaintiff is facing a 'real and proximate' threat of harm." (quoting *Lewis v. Sullivan*, 279 F.3d 526, 531 (7th Cir. 2002))); *Martin v. Shelton*, 319 F.3d 1048, 1050 (8th Cir. 2003) (holding that a "general assertion is insufficient to invoke the exception to § 1915(g) absent specific fact allegations of ongoing serious physical injury, or of a pattern of misconduct evidencing the likelihood of imminent serious physical injury").

Second, Plaintiff describes an incident in 2020 in which a corrections officer allegedly paid gang members to kill him, and an incident in 2021 in which he was allegedly "sprayed 28 times at point blank range at Santa Rosa C.I." [ECF No. 1 at 5–6]. Plaintiff alleges that he is "going blind now from the gas chemical agent's [sic]." *Id*. at 6. But these allegations about past events do not show imminent danger because Plaintiff does not allege that he faces an ongoing threat from the use of chemical agents. *See Jacoby v. Lanier*, 850 F. App'x 685, 688 (11th Cir. 2021) (holding that

allegations of past injuries can show imminent danger where they "reveal an 'ongoing pattern of acts' and a threat of future harm sufficient to meet the § 1915(g) standard." (quoting *Chavis v. Chappius*, 618 F.3d 162, 170–71 (2d Cir. 2010))). Moreover, Plaintiff's "general assertion" that he is going blind, absent more specific allegations about the threat of future injury, is insufficient to show imminent danger. *Martin*, 319 F.3d at 1050.

And fourth, Plaintiff claims that the prison's food services director has refused to provide him with his court-ordered "bland diet." [ECF No. 1-1 at 7]. However, Plaintiff does not describe his medical condition which requires this diet or the symptoms he has suffered or will suffer if he does not receive this diet. *See Skillern v. Paul*, 202 F. App'x 343, 344 (11th Cir. 2006) (prisoner failed to show imminent danger from deprivation of heart disease medication where he "did not present any description of the condition giving rise to his prescription for heart disease medication, and never alleged that he suffered any physical injury as a result of not receiving the medication."). For these reasons, Plaintiff has not alleged imminent danger.

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. Plaintiff's Complaint [ECF No. 1] is **DISMISSED WITHOUT PREJUDICE** under the three-strikes rule of 28 U.S.C. § 1915(g).

2. This case **CLOSED** and all pending motions are **DENIED AS MOOT**.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 15th day of April, 2025.

_____
DARRIN P. GAYLES
UNITED STATES DISTRICT JUDGE

cc:  **James Arthur Lee**, *pro se*
     052550
     South Bay Correctional Facility
     Inmate Mail/Parcels

600 U S Highway 27 South
South Bay, FL 33493-2233